IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SAMANTHA MELL-MURRAY,

    Plaintiff,

vs.

PROGRESSIVE SELECT
INSURANCE COMPANY,

    Defendant.
_____/

CASE NO.: 6-15-CV-352-OrL-28DAB

## NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

PLEASE TAKE NOTICE that Defendant, PROGRESSIVE SELECT INSURANCE COMPANY ("PROGRESSIVE"), hereby removes the above-captioned action to the United States District Court for the Middle District of Florida, Orlando Division, from the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, State Case No. 05-2015-CA-012253 pursuant to 28 U.S.C. §§ 1441 and 1446.

### I.    INTRODUCTION

1. This action arises out of a motor vehicle accident that occurred on January 2, 2013 in Brevard County, Florida involving Plaintiff, SAMANTHA MELL-MURRAY ("MELL-MURRAY") and Russell Leaman. A Complaint alleging damages in excess of $15,000 for breach of contract was filed by MELL-MURRAY, against PROGRESSIVE in the Eighteenth Judicial Circuit in and for Brevard County, Florida, Case No. 05-2015-CA-012253. A copy of the Complaint is attached hereto as Exhibit A.

2. Service of Process of a Summons and Complaint was made upon Defendant, PROGRESSIVE, on February 4, 2015 by and through the Florida Department of Financial

Services. The Notice of Service of Process and Summons received by PROGRESSIVE are attached hereto as Exhibit B.

3. This Removal is being effected within thirty (30) days after service of the Complaint pursuant to 28 U.S.C. § 1446(b) and Exhibits A and B attached hereto include all process, pleadings, and orders served upon Defendant in this action. A copy of the docket for the state court action is attached hereto as Exhibit C.

4. Plaintiff has alleged that Russell Leaman was an uninsured motorist at the time of this accident. (Compl. ¶ 10.) Plaintiff has further alleged that MELL-MURRAY was insured under a policy of insurance with PROGRESSIVE, policy number 48314678-2, which provided uninsured/underinsured motorist benefits with limits of $100,000 each person/$300,000 each occurrence. (Compl. ¶ 6.)

5. Attached to Plaintiff's Complaint as "Plaintiff's Exhibit A" is a copy of the Civil Remedy Notice filed by Plaintiff on October 13, 2014. Said Civil Remedy Notice is part of the Complaint, pursuant to Rule 10(c), Federal Rules of Civil Procedure.

6. Plaintiff is domiciled in the state of Florida. (Compl. ¶ 2.)

7. PROGRESSIVE is a foreign corporation domiciled in the state of Ohio with its principal place of business in the state of Ohio and is licensed to do business in the state of Florida. (Compl. ¶ 3.) As such, complete diversity exists between Plaintiff and Defendant.

8. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states.

## II. BASIS FOR REMOVAL

9. This court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). The district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1). The amount in controversy at issue here exceeds $75,000.

10. Plaintiff's Complaint, by and through the Civil Remedy Notice filed by Plaintiff and attached as an exhibit to Plaintiff's Complaint, establishes that Plaintiff is seeking the $100,000.00 limits of Plaintiff's policy of uninsured/underinsured motorist coverage with PROGRESSIVE.

11. More specifically, the Civil Remedy Notice provides as follows:

The demand letter was sent on September 19, 2014, for $100,000.00. On October 9, 2014, Progressive Select Insurance Company extended an offer of $12,000.00. Progressive Select Insurance Company is in possession of substantial evidence that Samantha Mell-Murray was injured by an uninsured/underinsured motorist in an automobile accident and that her claim is worth far in excess of the available UM coverage limits. Despite this, the insurer has failed to provide an unconditional tender of the policy limits.

12. The fact that the Plaintiff claims that her claim is worth far in excess of the available UM coverage limits and that Plaintiff is seeking tender of the limits of PROGRESSIVE's $100,000.00 policy limits clearly shows by a preponderance of the evidence that the Plaintiff is seeking an amount in controversy that exceeds $75,000.00.

13. Based on the foregoing, complete diversity of citizenship among the parties exists and the amount in controversy exceeds the requisite jurisdictional amount. Removal is therefore proper under the referenced statutes.

14. Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of Defendant's Notice of Removal to Plaintiff's counsel and is filing a copy of the foregoing Notice of Removal with the Clerk of the Court for the Eighteenth Judicial Circuit, in and for Brevard County, Florida. A copy of said Notice is attached hereto as Exhibit D (without attachments).

Respectfully submitted this 4th day of March, 2015.

SMITH, STOUT, BIGMAN & BROCK, P.A.

By: _____
JEFFREY E. BIGMAN
Florida Bar No.: 063347
AMANDA J. JACOBSEN
Florida Bar No.: 044239
Post Office Box 15200
Daytona Beach, Florida 32115
Telephone: (386) 254-6875
**Primary e-mail:** bgaffney@daytonalaw.com
**Secondary e-mail:** Eservice@daytonalaw.com
ATTORNEYS FOR DEFENDANT,
PROGRESSIVE SELECT INS. CO.

## CERTIFICATE OF SERVICE

THE UNDERSIGNED CERTIFY that a true and correct copy of the foregoing was provided via U.S. mail and electronic mail to **Bruce W. Jacobus, Jr., Esquire**, Bruce W. Jacobus, Jr., P.A., 325 Fifth Avenue, Suite 103, Indialantic, Florida 32903; (bwj@brevardlaw.com); this ____ day of March, 2015.

_____
AMANDA J. JACOBSEN