IN THE CIRCUIT COURT OF THE 18TH
JUDICIAL CIRCUIT, IN AND FOR
BREVARD COUNTY, FLORIDA

SAMANTHA MELL-MURRAY,   CASE NO.:

    Plaintiffs,

vs.

PROGRESSIVE SELECT INSURANCE
COMPANY,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, SAMANTHA MELL-MURRAY, by and through undersigned counsel, and sues the Defendant, PROGRESSIVE SELECT INSURANCE COMPANY, (hereinafter "PROGRESSIVE") and in support thereof states as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages that exceeds the sum of $15,000.00, excluding attorneys' fees and costs.

2. At all times material to this cause, Plaintiff, SAMANTHA MELL-MURRAY, was a resident of Brevard County, Florida.

3. At all times material hereto the Defendant, PROGRESSIVE, was a foreign corporation doing business in the State of Florida, including Brevard County, adjusting automobile insurance policies and claims including those containing uninsured/underinsured motorist coverage.

Page 1 of 7


EXHIBIT A

4. On or about January 2, 2013, Plaintiff was operating her motor vehicle on Nasa Boulevard in Brevard County, Florida. At that time and location, the at-fault driver, Russell Leaman, was operating a motor vehicle in a negligent fashion such that it collided with the vehicle being driven by Plaintiff.

5. At all times material to this cause, Plaintiff was insured under a policy of automobile insurance issued by PROGRESSIVE for delivery in the State of Florida, and which was in full force and effect at the time of the accident alleged herein providing liability insurance coverage, personal injury protection and uninsured motorist benefits. The policy number of the insurance contract is 48314678-2. PROGRESSIVE is in possession of the entire policy and as such it is not attached to this Complaint as an exhibit.

6. The non-stacking uninsured motorist coverage issued by PROGRESSIVE in the above referenced policy insured Plaintiff's motor vehicle with limits of $100,000.00 each person, $300,000.00 each occurrence.

7. There is no dispute that the insurance policy provides uninsured motorist coverage as alleged herein.

8. Plaintiff has met all conditions precedent to maintaining this uninsured motorist claim.

### COUNT I - CLAIM OF SAMANTHA MELL-MURRAY

9. Plaintiff hereby re-alleges the general allegations contained in paragraphs one (1) through eight (8) as if fully set forth herein.

10. Russell Leaman was an uninsured motorist pursuant to the terms of the policy and is responsible for causing Plaintiff's damages in the collision of January 2, 2013.

11. As a result, PROGRESSIVE, is liable to pay Plaintiff for any damages attributable to the negligence of Russelll Leaman up to the limits of the available policy coverage.

12. That as a direct and proximate result of the foregoing negligence of Russell Leaman, Plaintiff, SAMANTHA MELL-MURRAY, suffered bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, and medical and nursing care and treatment. The losses are permanent and continuing, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, SAMANTHA MELL-MURRAY, sues the Defendant, PROGRESSIVE SELECT INSURANCE COMPANY, for monetary damages, costs, and any other such relief as the court deems just and proper.

## COUNT II - STATUTORY BAD FAITH AGAINST PROGRESSIVE SELECT INSURANCE COMPANY

13. Plaintiff hereby re-alleges the general allegations contained in paragraphs one (1) through twelve (12) as if fully set forth herein.

14. In January of 2013, PROGRESSIVE was provided notice of Plaintiff's automobile accident described herein.

15. Following the January 2, 2013, automobile accident, Defendant, PROGRESSIVE, issued payments on behalf of Plaintiff, SAMANTHA MELL-MURRAY, under Plaintiff's personal injury protection (PIP) coverage. The amount of benefits paid by PROGRESSIVE are consistent with the Florida's minimum security requirements.

16. Defendant, PROGRESSIVE, applied Florida's substantive law relating to motor vehicle insurance in the adjustment of Plaintiff's PIP Claim.

17. From the time the claim was reported through the present, Defendant, PROGRESSIVE, had adjusted the subject claim in the State of Florida through adjuster Jennifer Matkovics.

18. At all times material hereto, Jennifer Matkovics was authorized to adjust uninsured/underinsured motorist insurance claims in Florida.

19. At all times material hereto, Defendant, PROGRESSIVE, by and through its agent, Jennifer Matkovics, had a legal duty to comply with the Florida Statutes relating to the investigation, adjustment, and payment of claims.

20. In September of 2014, Plaintiff requested that Defendant, PROGRESSIVE, tender its uninsured/underinsured motorist coverage limits of $100,000.00. At that time, Defendant, PROGRESSIVE, did not tender its limits despite Plaintiff's reasonable request for a tender.

21. Following PROGRESSIVE's failure to tender the available uninsured/underinsured motorist limits under the policy, Plaintiff, SAMANTHA MELL-MURRAY, submitted a Civil Remedy Notice of Insurer Violation to PROGRESSIVE and the Florida Department of Insurance. A copy of the referenced Civil Remedy Notice is attached hereto as Exhibit "A".

22. The violations of the Defendant alleged in the Civil Remedy Notice referenced herein included:

   a. Not attempting in good faith to settle claims when, under all circumstances, it could and should have done so had it acted fairly and honestly towards its insured in violation of Florida Statute § 624.155(1)(b)(1).

23. The Defendant, PROGRESSIVE, failed to tender Plaintiff's uninsured motorist limits during the sixty (60) day cure period prescribed in Florida Law.

24. Based upon Defendant, PROGRESSIVE's bad faith conduct, Plaintiff is entitled to recover the total amount of all damages awarded by the jury on Count One and Two herein including the amount of the verdict in excess of the policy limits, interest on unpaid benefits, along with reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, SAMANTHA MELL-MURRAY, sues the Defendant, PROGRESSIVE SELECT INSURANCE COMPANY, for monetary damages, costs, and any other such relief as the court deems just and proper.

## COUNT III - DECLARATORY JUDGMENT TO DETERMINE LIABILITY AND TOTAL AMOUNT OF DAMAGES

25. Plaintiff hereby re-alleges the general allegations contained in paragraphs one (1) through twelve (12) as if fully set forth herein.

26. This is an action for declaratory relief pursuant to §86.011-86.11 et.seq., Florida Statutes (2012), within the jurisdictional limits of this Court.

27. Plaintiff, SAMANTHA MELL-MURRAY, is in doubt about the apportionment of liability, if any, and the total amount of his damages as a result of the accident.

28. Plaintiff's statutory right to prosecute the claim for bad faith pursuant to Section 624.155 Florida Statutes is dependent, in part, upon the determination of liability and total damages as a result of the accident.

29. There exists a bona fide, actual, present practical need of a determination of liability for the accident and the total amount of damages suffered by Plaintiff as a result of the accident.

30. A good deal of discovery has been done on the issues of liability and damages in the UM case and those efforts will be wasted unless a final, appealable judgment is entered conclusively determining liability and the total amount of damages suffered by Plaintiff as a result of the collision of that date.

31. Under Geico General Insurance Co. V. Bottini, 93 So.3d 476 (Fla. 2d DCA 2012) and King v. Government Employees Insurance Co., No. 8:10-cv-977-T-30AEP, 2012 WL 4052271 (M.D. Fla. September 13, 2012) the amount of any verdict for UM benefits rendered in excess of the UM policy limit is not appealable and may not be binding in a subsequent bad faith action.

32. A declaratory judgment will provide Defendant, PROGRESSIVE, with a Final Judgment on liability and damages and the opportunity to appeal the amount of the total damages in excess of the policy limit.

WHEREFORE, Plaintiff, SAMANTHA MELL-MURRAY, requests that this Honorable Court accepts jurisdiction and enters a declaratory judgment finding and determining liability and the total amount of damages suffered by Plaintiff as a result of the accident, including prejudgment and post judgment interest, attorney's fees, costs, and any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

33. Plaintiff, SAMANTHA MELL-MURRAY, hereby demands a trial by jury on all of the above counts and issues triable as such pursuant to the applicable law of this jurisdiction.

WHEREFORE, Plaintiff, SAMANTHA MELL-MURRAY, sues the Defendant, PROGRESSIVE SELECT INSURANCE COMPANY, for monetary damages, costs, and any other such relief as the court deems just and proper.

        Bruce W. Jacobus, Jr., P.A.
        325 Fifth Avenue, Suite 103
        Indialantic, FL 32903
        PH: (321) 953-5400
        FX: (321) 953-5499

        /s/ Bruce W. Jacobus, Jr., Esq.
        Bruce W. Jacobus, Jr.
        Florida Bar No. 0085480
        Attorney for Plaintiff

Dated: January 20, 2015